UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HOULIHAN, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-09-CV-0883 |
| | § | |
| CAPITAL AIRWAYS, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is the defendant's, Capital Airways, LLC ("Capital Airways"), motion for summary judgment (Docket Entry No. 15).[1] The plaintiff, Michael Houlihan ("Houlihan"), has filed a response in opposition to the motion (Docket Entry No. 18) and Capital Airways has filed a reply (Docket Entry No. 20). Also pending before the Court is Capital Airways' motion to strike portions of Houlihan's response affidavit (Docket Entry No. 21). After having carefully considered the parties' submissions, the record, the undisputed facts and applicable law, the Court hereby determines that Capital Airways' motion for summary judgment should be DENIED; and its motion to strike is GRANTED in part and DENIED in part.

### II. FACTUAL BACKGROUND

On or about May 26, 2008, the plaintiff accepted Capital Airways' offer of employment to assume a position as its Director of Maintenance. In connection with its offer, Christopher Credno, Capital Airways' Chief Operating Officer, sent the plaintiff a letter denoting the key terms of his employment with Capital Airways. Specifically, by way of the offer letter, the

---

[1] For purposes of its motion for summary judgment, Capital Airways presumes that Michael Houlihan can establish that the parties intended to modify his "at will" employment status so as to limit Capital Airways' ability to terminate him only for cause during the first two years of his employment. (*See* Docket Entry No. 15 at 1 n.1)

plaintiff was advised that: (1) his annual compensation would be $93,000, which would be paid in equal semi-monthly installments in accordance with Capital Airways' standard payroll schedule; (2) Capital Airways would advance relocation funds to him once his relocation became necessary; (3) he was eligible to participate in Capital Airways' employee benefits' programs; (4) he was entitled to 10 days of annual paid time off ("PTO") during his first two years of service and that his PTO would increase as his years of service increased; (5) his offer of employment was contingent on his submission of satisfactory proof of his eligibility to work in the United States as well as on the results of a pre-employment background check; and (6) he maintained an at-will employment status subject to the express conditions contained in the letter. With respect to his at-will employment status, the letter expressly stated:

> Except as provided below, your employment with the Company is at-will, meaning that you or the Company may terminate the employment relationship at any time and for any reason not prohibited by law, with or without notice. Notwithstanding the foregoing, we agree that your employment will continue for a period of not less than two (2) years for so long as: (i) you faithfully, effectively and diligently perform your duties in accordance with Company policies and applicable law, and as directed by the Company's management and (ii) the Company operates aircraft and has a regulatory need for a Director of Maintenance.

The plaintiff was required to sign and date the letter signifying his acceptance of Capital Airways' terms of employment.

The plaintiff asserts that beginning June 1, 2008, and continuing thereafter until December 5, 2008, he faithfully, effectively and diligently performed his duties as Director of Maintenance in accordance with Capital Airways' policies and applicable law. Nonetheless, he argues that on December 5, 2008, Capital Airways notified him that he was being "layed off" for economic reasons, effective that date.

Consequently, on or about February 3, 2009, the plaintiff instituted an action against Capital Airways in the 157th Judicial District Court of Harris County, Texas, identified as Cause No. 2009-06939, alleging that it breached its employment agreement when it terminated him without cause.  On March 25, 2009, Capital Airways timely removed the action to this Court pursuant to 28 U.S.C. § 1332.  Capital Airways now moves for summary judgment on Houlihan's claim.

### III. CONTENTIONS OF THE PARTIES

#### A. Capital Airways' Contentions

Capital Airways contends that it is entitled to summary judgment on Houlihan's claim for breach of its employment agreement.  It contends that it terminated Houlihan in accordance with the terms of the parties' employment agreement.  It argues that it had good cause for terminating him because he was dilatory in his recordkeeping which constitutes sufficient grounds for its performance concerns.  It further contends that Houlihan violated company procedure and federal law by falsifying certain aircraft maintenance records.  Finally, it maintains that Houlihan's employment offer letter expressly stated that his employment with Capital Airways was contingent upon performance of his duties "in accordance with Company policies and applicable law."  Capital Airways avers that Houlihan violated both Company policy and applicable law when he falsified maintenance records by backdating corrective actions on aircraft logs on at least three occasions.  Accordingly, Capital Airways contends that it is entitled to judgment as a matter of law on Houlihan's breach of employment agreement claim.

#### B. Houlihan's Contentions

Houlihan contends that Capital Airways' motion for summary judgment must be denied because genuine issues of material fact exist with regard to the evidence submitted by Capital

Airways in support of its motion for summary judgment. He contends that Capital Airways is not entitled to summary judgment because it has not established good cause, as a matter of law, for terminating his employment. Additionally, he alleges that there is no evidence in Capital Airways' motion or its supporting attachments indicating that he was terminated for the reasons asserted therein. Further, he maintains that he was informed by Capital Airways that he was terminated for economic reasons and that he was only recently made aware of the complaints alleged in its motion for summary judgment. As such, he argues that a genuine issue of material fact exists as to whether Capital Airways terminated his employment for the reasons stated in its motion. Thus, Houlihan contends that Capital Airways' motion for summary judgment must be denied.

## IV.   STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(c), (e)).

In adjudicating a motion for summary judgment, a court is required to view all facts in the light most favorable to the nonmoving party and any inconsistencies are to be resolved in the

nonmoving party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). During this time, a court must also look to the substantive law underlying the lawsuit. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id*. "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251-52).

A court reviewing a motion to summary judgment is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). However, "a plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of [his] pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). "On the contrary, 'once defendants have made . . . sworn denials, summary judgment is appropriate unless [a] plaintiff can produce *significant evidence* demonstrating the existence of a genuine fact issue." *Id.* (citation omitted) (emphasis in original).

## V.   ANALYSIS AND DISCUSSION

### A.   Evidentiary Objections:  Capital Airways' Motion to Strike

Capital Airways moves to strike certain portions of Houlihan's affidavit submitted in response to its motion for summary judgment on the grounds that the referenced portions contain inadmissible expert testimony and legal conclusions. (*See* Docket Entry No. 18, Ex. 1.) It is

well-settled law that "[e]vidence inadmissible at trial cannot be used to avoid summary judgment." *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992) (quoting *Broadway v. City of Montgomery*, 530 F.2d 657, 661 (5th Cir. 1976)). In this regard, "conclusory assertions cannot be used in an affidavit on summary judgment." *Salas*, 980 F.2d at 304 (5th Cir. 1992) (citing *Broadway*, 530 F.2d at 660). Nevertheless, it is appropriate to disregard or strike "only the inadmissible portions of a challenged affidavit." *Salas*, 980 F.2d at 304 (citing *Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987); *Lee v. Nat'l Life Assurance Co. of Canada*, 632 F.2d 524, 529 (5th Cir. 1980)). Accordingly, Capital Airways' objections to the following portions of Houlihan's affidavit are sustained: in ¶ 2, Houlihan's opinion that "the 737 was being operated as a public use aircraft so technically, the Code of Federal Aviation Regulations did not apply"; in ¶ 2, Houlihan's opinion "therefore it was a public use aircraft"; in ¶ 2, Houlihan's opinion that "the FAR's cited in Defendant's Motion and Mr. Killon's Affidavit . . . were not applicable to this aircraft and therefore, technically, there were no violations of FAR's"; and in ¶ 2, the portion of Houlihan's statement containing "[w]hile we were not bound by the FAR's." Only these portions of Houlihan's affidavit are to be stricken; Capital Airways' motion to strike is otherwise DENIED.

      **B.**    **Houlihan's Claim for Breach of the Employment Agreement**

Houlihan commenced the instant action against Capital Airways alleging a cause of action against it for breach of its employment agreement for its alleged wrongful termination of his employment. Capital Airways now moves for summary judgment on Houlihan's claim, arguing that good cause existed for its termination of him. First, it contends that Houlihan was dilatory in his recordkeeping, in that he frequently failed to timely complete and submit log pages for the 737 aircraft detailing the corrective action taken on certain maintenance

discrepancies. Second, it contends that Houlihan violated company procedures and federal law by falsifying certain log pages by backdating the corrective action entries instead of entering the date that the work was actually performed. In support of its contentions, Capital Airways proffers the Affidavit of Dave Killon, its current Director of Maintenance and former Chief Inspector of its operations center in Florida, portions of its maintenance manual, pages of its aircraft logbook, expense forms, certain aircraft regulations and excerpts from Houlihan's deposition.

In response, Houlihan submits his own sworn affidavit and related attachments, which appear to dispute and/or explain many of the assertions contained in the Affidavit of Dave Killon and its related attachments. Based on the evidence presented, the Court is of the opinion that Houlihan and Capital Airways have tendered conflicting summary judgment evidence. Without commenting on the strength or credibility of the evidence presented, the Court determines that the parties have raised a genuine issue of material fact concerning whether good cause existed for Capital Airways' termination of Houlihan. Having found a fact issue, the Court deems summary judgment improper. *See E.E.O.C. v. R.J. Gallagher Co.*, 181 F.3d 645, 652 (5th Cir. 1999) ("This is a swearing match-a factual dispute which must be resolved by the ultimate fact finder, not by the judge on summary judgment.")

## VI. CONCLUSION

Based on the foregoing discussion, Capital Airways' motion for summary judgment is DENIED; and its motion to strike is GRANTED in part and DENIED in part.

IT IS SO **ORDERED**.

SIGNED at Houston, Texas this 8th day of April, 2010.

_____
Kenneth M. Hoyt, U. S. District Judge